IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| LARRY PHILPOT, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil No. 1:20-cv-1349(CMH-MSN)<br>) |
| JONATHAN TURLEY, | )<br>)<br>) |
| Defendant | )<br>) |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Jonathan Turley submits the following Answer and Affirmative Defenses to the Complaint filed by Plaintiff Larry Philpot ("Plaintiff"):

## ANSWER

1. The allegations in Paragraph 1 constitute legal opinions and conclusions to which no response is required. To the extent a response is required, the allegations are denied.

2. In response to the allegations in Paragraph 2, Defendant lacks sufficient information to admit or deny the allegations. To the extent a response is required, the allegations are denied.

3. In response to the allegations in Paragraph 3, Defendant lacks sufficient information to admit or deny the allegations. To the extent a response is required, the allegations are denied.

4. The allegations of Paragraph 4 are admitted.

1

5. In response to the allegations in Paragraph 5, Defendant states that such allegations constitute legal allegations and conclusions to which no response is required. To the extent a response is required, the allegations are denied.

6. In response to the allegations in Paragraph 6, Defendant states that such allegations constitute legal allegations and conclusions to which no response is required. To the extent a response is required, Defendant admits that the Court has subject matter jurisdiction over this matter.

7. In response to the allegations in Paragraph 7, Defendant states that such allegations constitute legal allegations and conclusions to which no response is required. To the extent a response is required, Defendant admits that the Court has personal jurisdiction over him.

8. In response to the allegations in Paragraph 8, Defendant states that such allegations constitute legal allegations and conclusions to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this Court.

9. In response to the allegations of Paragraph 9, Defendant lacks sufficient information to admit or deny such allegations, and therefore the allegations are denied.

10. In response to the allegations of Paragraph 10, such allegations reference documents or public records which speak for themselves. To the extent the allegations are inconsistent with such documents or public records, misrepresent their content or legal import, or are materially incomplete, they are

denied. As to the balance of the allegations, Defendant lacks sufficient information to admit or deny such allegations, and therefore the allegations are denied.

11. To the extent the allegations in Paragraph 11 refer to documents, those documents speak for themselves. To the extent the allegations are inconsistent with such documents, misrepresent their content or legal import, or are materially incomplete, they are denied. In response to any remaining allegations contained in Paragraph 11, Defendant lacks sufficient information to admit or deny such allegations, and therefore the allegations are denied.

12. The allegations in Paragraph 12 are denied.

13. The allegations in Paragraph 13 are denied.

14. The allegations in Paragraph 14 are denied.

15. Defendant admits that the Subject Photo was removed from the website but is without sufficient information to admit or deny the remaining allegations in Paragraph 15. To the extent a response is required, the allegations are denied.

16. To the extent the allegations in Paragraph 16 refer to documents, those documents speak for themselves. To the extent the allegations are inconsistent with such documents, misrepresent their content or legal import, or are materially incomplete, they are denied.

17. To the extent the allegations in Paragraph 17 refer to documents, those documents speak for themselves. To the extent the allegations are

inconsistent with such documents, misrepresent their content or legal import, or are materially incomplete, they are denied.

18. In response to the allegations of Paragraph 18, Defendant incorporates by references its responses to Paragraphs 1 through 18, as if set forth in full herein.

19. The allegations in Paragraph 19 constitute legal opinions and conclusions to which no response is required. Further, Defendant is without sufficient information to admit or deny such allegations, and therefore the allegations are denied

20. In response to the allegations of Paragraph 20, Defendant lacks sufficient information to admit or deny such allegations, and therefore the allegations are denied.

21. The allegations in Paragraph 21 constitute legal opinions and conclusions to which no response is required. To the extent a response is required, the allegations are denied.

22. Defendant admits that he displayed the image on the Website. The remaining allegations in Paragraph 22 constitute legal opinions and conclusions to which no response is required. To the extent a response is required, the allegations are denied.

23. The allegations in Paragraph 23 constitute legal opinions and conclusions to which no response is required. To the extent a response is required, the allegations are denied.

24. The allegations in Paragraph 24 are denied.

25. The allegations in Paragraph 25 are denied.

Additionally, Defendant expressly denies any allegation included in the Complaint that is not expressly admitted herein, including without limitation Plaintiff's introductory discourse and prayers for relief. Defendant denies that Plaintiff is entitled to the damages and relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a cause of action against Defendant upon which relief may be granted as a matter of law.

2. Plaintiff fails to provide sufficient facts to state a viable claim against Defendant upon which the relief requested may be granted.

3. Defendant denies that it is liable to Plaintiff in any amount or for any reason.

4. Plaintiff's claims fail because Defendant's use of the subject photographs constituted fair use.

5. Plaintiff's claims are barred, in whole or in part, because he suffered no damages as a result of Defendant's conduct.

6. Any recovery by Plaintiff is barred to the extent he failed to make reasonable efforts to avoid, mitigate, or reduce his alleged damages.

7. The Court is barred from holding Defendant liable for exercising his First Amendment speech rights when using the photographs.

8. Defendant will rely upon all other defenses that are revealed by further investigation, discovery, or the presentation of evidence and reserves the

right to file an amended answer or other appropriate pleading as permitted by this Court.

9. Plaintiff's claims are barred, in whole or in part, by the defense of license and/or implied license arising from agreements between Defendant and Plaintiff and/or other parties for use of the Photographs alleged in the Complaint, as well as any course of dealing with any such parties.

10. Plaintiff's claims are barred, in whole or in part, because Defendant acted in good faith, in a reasonable manner, with non-willful intent at all relevant times herein.

11. Plaintiff's claims are barred, in whole or in part, to the extent the copyright registration asserted by Plaintiff as covering the Photograph is invalid and/or unenforceable.

12. Plaintiff's claims are barred, in whole or in part, by acquiescence.

13. Plaintiff's claims are barred, in whole or in part, by estoppel.

14. Plaintiff's claims are barred, in whole or in part by the doctrine of copyright misuse.

15. Plaintiff is not entitled to recover any of Defendant's profits because any such profits are not attributable to any alleged infringement.

WHEREFORE, Defendant Turley respectfully requests that the Court dismiss with prejudice the Plaintiff's Complaint; that Turley be awarded his reasonable attorneys fees pursuant to the Copyright Act, 17 USC § 505; and for such other relief as the Court deems just and appropriate.

Dated: December 8, 2020     Respectfully submitted,

/s/
David Alan Warrington (VSB No. 72293)
KUTAK ROCK LLP
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Phone: (202) 828-2437
Facsimile: (202) 828-2488
david.warrington@kutakrock.com

*Counsel for Defendant Jonathan Turley*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of December, 2020 the foregoing instrument has been served to all counsel of record in this case electronically via the CM/ECF system.

/s/<br>
David Alan Warrington