IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Larry G. Philpot,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Jonathan Turley,<br><br>　　　　Defendant. | Case No. 1:20-cv-01349-CMH-MSN |

**DEFENDANT'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF HIS MOTION TO COMPEL DISCOVERY FROM PLAINTIFF**

Defendant Jonathan Turley, by and through undersigned counsel, for his Memorandum of Points & Authorities in Support of his Motion to Compel Discovery from Plaintiff Larry G. Philpot ("Motion"), states as follows:

**I.　　Background**

Plaintiff Larry G. Philpot ("Philpot") is well-known to the federal judiciary as a notorious "copyright troll". *See, e.g., Philpot v. L.M. Comm'ns. II of S.C.*, No. 5:17-CV-173-CHB, 2020 WL 2513820, at *3 (E.D. Ky. May 15, 2020); *Philpot v. Emmis Op. Co.*, No. 1:18-CV-00816-RP, 2019 WL 2928774, at *2 (W.D. Tex. July 8, 2019) (noting "Philpot and his counsel are, in essence, copyright 'trolls.'"); *Philpot v. WOS, Inc.*, No. 1:18-CV-339-RP, 2019 WL 1767208, at *2-*3 (W.D. Tex. Apr. 22, 2019). While Philpot alleges in his Complaint and in previous cases that he is a "well-known photographer of musicians and concerts across the country who licenses his work to premiere publishers and musicians," he has conceded in prior judicial proceedings that he derives no material income from

1

photography work. *Contrast* Complaint [ECF No. 1] ¶ 3 *with WOS*, 2019 WL 1767208, at *2; *Emmis*, 2019 WL 2928774, at *2. Instead, he derives substantially all of his income from a scheme in which he uploads his photographs to the Internet with a "Creative Commons" license, waits for unsuspecting members of the public to use his photos in their own creative works without attribution, and then threatens litigation and files frivolous lawsuits in an effort to extort nuisance value settlements from his victims. *See L.M. Comm'ns. II*, 2020 WL 2513820, at *3; *Emmis*, 2019 WL 2928774, at *2.

Defendant Jonathan Turley ("Turley") is a well-known legal scholar, a professor at George Washington University Law School, and among the latest persons to fall victim to Philpot's extortionate scheme. Turley maintains a website and blog, jonathanturley.org ("Blog"), on which he frequently publishes original works of legal and policy analysis in an effort to inform the public and advocate for his views. Turley's Blog enjoys a considerable public following but Turley earns no revenue from operating the Blog; no advertisements run on the Blog and Turley charges no fees for access to the Blog or any of its contents. Instead, Turley maintains the Blog as a non-profit endeavor at his own expense as a public service and an exercise of his First Amendment rights.

Turley frequently includes photographs or other artwork in the works he publishes on his Blog for illustrative purposes, to provide an additional dimension of information and context for his readers, and to improve the experience of reading the Blog. On the occasion at issue in this proceeding, Turley included a photograph of musician Ted Nugent he believed was freely

2

available online to illustrate a Blog post commenting on certain politically charged comments Mr. Nugent had made on his Facebook page. Unbeknownst to Turley, this photograph was created by Philpot and made available online by Philpot in furtherance of his copyright troll scheme. When Turley failed to accede to Philpot's demands for payment, Philpot initiated this lawsuit in an attempt to "use the courts as a blunt object with which to coerce [a] nuisance value settlement[]". *Emmis*, 2019 WL 2928774, at *2.

## II.  Discovery Requests at Issue

On June 11, 2021, counsel for Turley served Plaintiff's First Interrogatories[1] ("Interrogatories") and Plaintiff's First Request for Production of Documents[2] ("Document Requests" and, together with the Interrogatories, "Discovery Requests") on counsel for Philpot. On June 25, 2021, counsel for Philpot advised counsel for Turley in an email that "[w]e won't be filing any objections to these requests." *See* Email from Kristine M. Maher to David A. Warrington (June 25, 2021 at 10:23 AM), a true and correct copy of which is attached hereto as **Exhibit 3**. Despite that representation, on June 28, 2021, Philpot's counsel sent an email to Turley's counsel with a list of four objections ("Objections") to the Discovery Requests. *See* Email from Kristine M. Maher to David A. Warrington (June 28, 2021 at 4:46 PM), a true and correct copy of which is attached hereto as **Exhibit 4**. The Objections specifically objected to Interrogatories 5, 8, 12 and 14 as well as Document Requests 7, 8, 9, 10, and

---

[1] A true and correct copy of the Interrogatories is attached hereto as **Exhibit 1.**
[2] A true and correct copy of the Document Requests is attached hereto as **Exhibit 2.**

3

11. *See* Exhibit 4 at 1. The Objections also objected to a definition generally applicable to the Interrogatories as a whole. *See id.*

On July 1, 2021, counsel for Turley responded in writing ("Response Letter") to Philpot's Objections in an effort to resolve the Objections without the Court's intervention. A true and correct copy of the Responses is attached hereto as **Exhibit 5**. The Response Letter specifically advised Philpot's counsel that, because of the impending discovery deadline in this case, this Motion would be filed if the parties could not resolve their discovery disputes by July 2, 2021. Philpot's counsel acknowledged receiving the Response Letter on July 1, 2021 but did not respond to their substance. Turley's counsel further attempted to meet and confer with Philpot's counsel in an attempt to resolve the Objections on July 2, 2021 but was not able to make contact with Philpot's counsel.

For the convenience of the Court, the portions of the Discovery Requests Philpot objected to are set forth in full below:

**INTERROGATORY DEFINITION 7:** "Relevant Period" means the time period between January 1, 2013 and the present.

**INTERROGATORY 5:** Identify every transaction, contract or agreement you have made with any third party, and every license you have granted, during the Relevant Period to permit the use of any photograph or artistic work whose copyright you own, including without limitation the Photo, in exchange for any compensation, that was not preceded by or made in connection with any demand for payment or litigation or threat of litigation for copyright infringement by you to any such third party.

**INTERROGATORY 8:** Identify every transaction, contract or agreement you have made with any third party, and every license you have granted, during the Relevant Period to permit the use of any photograph or artistic work whose copyright you own, including without limitation the Photo, in exchange for any compensation, that was preceded by or made in connection with any demand for payment or litigation or threat of litigation for copyright infringement by you to such third party, including without limitation all agreements you have made to settle or compromise litigation.

**INTERROGATORY 12:** Identify all the persons or entities to whom you have sent correspondence alleging copyright violations and/or persons or entities you sent demand letters to requesting payment for copyright violations and/or threatened litigation. For each person or entity state the name, address and contact information for that person or entity.

**INTERROGATORY 14:** For the cases or complaints identified in Interrogatory 13, provide the status and disposition of each including any settlements, dismissals or judgments. For any settlements or judgments provide the amount of the settlement or judgment including any amount attributed to attorneys fees or costs.

**DOCUMENT REQUEST 7:** All documents, including all communications, related to or reflecting any contract or agreement between you and any third party, or any license you have granted, to permit the use of any photograph or artistic work whose copyright you own, including without limitation the Photo, during any portion of the Relevant Period in exchange for any compensation.

5

**DOCUMENT REQUEST 8:** All documents related to any payments or compensation you received during the Relevant Period for licensing or permitting the use of any photograph or artistic work whose copyright you own, including without limitation the Photo.

**DOCUMENT REQUEST 9:** All documents, including all communications, related to any demand you have made or threat of litigation during the Relevant Period to any third party for payment because of or on account of the use of any photograph or artistic work whose copyright you own, including without limitation the Photo.

**DOCUMENT REQUEST 10:** All documents, including all communications, relating to or reflecting the settlement or compromise of any demand for payment, threat of litigation, or actual litigation because of or on account of the use of any photograph or artistic work whose copyright you own, including without limitation the Photo, during the Relevant Period.

**DOCUMENT REQUEST 11:** All documents reflecting or evidencing all income you received during the Relevant Period, including without limitation your tax returns, bank account statements, and ledgers or other accounting records.

### III.    Philpot's Objections Are Without Merit

For the reasons set forth herein, all of Philpot's Objections are meritless. For the convenience of the Court, each of Philpot's Objections are set forth in full below and are each addressed in turn:

      1a.    <u>Objection 1</u> (Interrogatory Definition 7)

*Plaintiff objects to the definition of "Relevant Period" in the Interrogatories. An approximately seven year span of time is overly broad, unduly burdensome and extends beyond the scope of the relevant facts for this copyright infringement action.*

      1b.    <u>Response to Objection 1</u>

The Interrogatories[3] define the relevant time period as the period between 2013 and the present because that is the shortest period that is reasonably certain to cover all of the most relevant information at issue in this proceeding, i.e. information related to the use of the Photo or any license or agreement concerning use of the Photo. Any shorter period would present an unacceptable risk of excluding information highly relevant to the very core of Turley's defense.

Neither the Complaint nor any other information in the record to date specifies a date certain on which the photograph of Ted Nugent at issue in this case ("Photo") was created. *See* Complaint ¶ 9. However, the Complaint alleges Philpot obtained a copyright registration for the Photo on August 21, 2013. *See id.* ¶ 10. The copyright registration attached to the Complaint states it covers "Concert photographs through August 15, 2013" and that the "Year of Completion" for those photographs is 2013. *See id.*, exh. B, at 1. Based on that

---

[3] Objection 1 specifically refers to "the definition of "Relevant Period" *in the Interrogatories*". *See* Exhibit 4 at 1 (emphasis added). While the Document Requests contain an identical definition of the term "Relevant Period," Philpot articulated no objection to the definition of that term in the Document Requests within the time provided by Local Civil Rule 26(C). Philpot has therefore waived any objection to the scope of this term in the Document Requests. *See, e.g., Vivos Acquisitions, LLC v. Health Care Res. Network, LLC*, No. 1:19-cv-1606 (RDA/TCB), 2020 WL 3269135, at *2 (E.D. Va. June 16, 2020).

7

information, Turley concluded it was very likely that the Photo was produced some time during 2013 but could not precisely identify the date of its creation.

It is beyond question that evidence of any licenses or agreements providing for the use of the Photo by third parties is relevant to this proceeding. Philpot's sole cause of action is for Turley's alleged infringement of Philpot's copyright on the Photo. Among Turley's affirmative defenses is that he had a license to use the Photo. *See* Answer [ECF No. 8], Affirmative Defenses ¶ 9. Information related to licenses Philpot has granted for use of the Photo, including licenses such as the "Creative Commons" license that are granted to the public at large, are unquestionably relevant to that affirmative defense. The scope of the Relevant Period is therefore appropriate in this case because it is the shortest time period that is reasonably certain to encompass all of the licenses Philpot has granted for use of the Photo since the Photo was created.

Additionally, information related to Philpot's grant of licenses or permission to use other works is relevant to Turley's affirmative defenses of fair use and absence of damages. *See* Answer, Affirmative Defenses ¶¶ 4-5. Turley's defense on these points is predicated in part on establishing that there is no substantial market for Philpot's work and that Philpot's work has little or no economic value. *See* 17 U.S.C. § 107(4) (providing that courts shall consider "the effect of the use upon the potential market for or value of the copyrighted work" in determining whether such use constitutes fair use). The Interrogatories seek information regarding occasions on which Philpot has granted licenses to use his work to third parties in exchange for compensation, both to establish the

market value of Philpot's work and to establish whether there is any difference between the price third parties are willing to pay Philpot for his work in bona fide market transactions and the price they are willing to pay to stave off or settle litigation Philpot has filed against them. This information is crucial to Turley's affirmative defenses. And, because the ultimate inquiry concerns the "potential market for or value of" the Photo, the appropriate range of transactions used to define that potential market and value lies between the date of the Photo's creation and the present.

    2a.    <u>Objection 2</u> (Document Request 11)

*Plaintiff objects to the request for his income information in Request for Production of Documents No. 11. Plaintiff's income is not at issue or the subject of this litigation. The request is overly broad, not likely to lead to relevant information and is intended to intrude on plaintiff's personal affairs.*

    2b.    <u>Response to Objection 2</u>

Document Request 11 is not intended to intrude in Philpot's personal affairs; it is intended to obtain discovery concerning the economic value of Philpot's photography business, which is of central importance in this case. As noted in the Response to Objection 1, such information is crucial to Turley's affirmative defense of fair use.

Turley intends to show at trial that there is no substantial market for Philpot's work and that Philpot derives substantially all of the income he obtains from his photography by extracting settlements from unwitting third parties. The documents sought in Document Request 11 will show the amount of income Philpot derived from his photography business and the sources from which

Philpot obtained this income. These documents are relevant to show both how much income Philpot obtains from photography as opposed to other work and whether his photography income is from "licens[ing] his work to premiere publishers and musicians," as he alleges, or from nuisance settlements from members of the public who are not otherwise in the publishing or music businesses. *See* Complaint ¶ 3. There is no way to obtain information about these crucial facts except by obtaining Philpot's financial records.

The documents sought by Document Request 11 are also relevant to show how much or how little income Philpot obtains from the bona fide market for his photography. The information in these documents are in turn relevant to prove the amount of Philpot's compensatory damages. Absent an admission by Philpot that he has suffered no actual damages, the amount of his damages is an essential element of his case and Philpot will not be able to prove the magnitude of his damages without reference to his finances. Turley is therefore entitled to discovery of Philpot's finances to rebut this element of Philpot's case.

    3a.    <u>Objection 3</u> (Interrogatories 12 & 14; Document Requests 9 & 10)

*Plaintiff objects to the requests for confidential settlement correspondence or related documents in Request for Production of Documents Nos. 9 and 10 and Interrogatory Nos. 12 and 14. These documents are privileged, confidential and not subject to discovery in the absences of a protective order. In addition, related documents may be subject to attorney-client privilege, and Plaintiff objects on that basis. For those documents, Plaintiff will provide a privilege log.*

    3b.    <u>Response to Objection 3</u>

"Settlement correspondence" is not exempt from discovery. While Fed. R. Evid. 408 provides that statements made during settlement are generally not

10

admissible evidence, "[d]istrict courts in the Fourth Circuit have consistently declined to recognize a settlement privilege, based on the policy underlying Rule 408 or otherwise, in discovery disputes." *Food Lion, LLC v. Dairy Farmers of America, Inc.*, No. 1:20-cv-442, 2020 WL 6947921, at *2 (M.D.N.C. Sept. 29, 2020). Rule 408 does not apply to discovery requests because the scope of discovery is defined by the relevance of the information sought to be discovered, not its admissibility as evidence. *See id.* at *3. And confidentiality agreements do not preclude information or documents within their ambit from discovery. *See In re C.R. Bard, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 287 F.R.D. 377, 384 (S.D.W. Va. 2012). The information and documents sought by these Discovery Requests are therefore not exempt from discovery merely because they relate to settlement or compromise of litigation or because they are subject to a confidentiality agreement.

Turley does not seek discovery of any documents that are genuinely subject to the attorney-client privilege. However, Turley expressly reserves the right to challenge the applicability of the attorney-client privilege or any other claim of privilege or protection from discovery to any document or information in this proceeding. Notably, the attorney-client privilege would not protect any settlement agreements between Philpot and any third party because any such agreement must inherently have been shared with third parties other than Philpot and his counsel, i.e. the counterparties to such agreements. *See, e.g., Hawkins v. Stables*, 148 F.3d 379, 384 n.4 (4th Cir. 1998) ("As a general rule, implied waiver occurs when the party claiming the privilege has made any

disclosure of a confidential communication to any individual who is not embraced by the privilege.").

Philpot's general reference to the need for a protective order with respect to the information sought by these Discovery Requests is inapposite. The Court has issued no protective orders in this case. And Philpot has not moved the Court for any protective order, nor has he made any showing of good cause that the discovery Turley seeks must be restricted to "protect [Philpot] from annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. P. (c)(1) (providing the standard justifying the issuance of a protective order). Absent such a showing, no protective order is warranted.

    4a.    <u>Objection 4</u> (Interrogatories 5 & 8; Document Requests 7 & 8)

*Plaintiff objects to the request for all documents related to any photograph whose copyright he owns in Request for Production of Documents Nos. 7 and 8 and the requests to identify every transaction/contract/agreement/license related to any photograph he owns in Interrogatory Nos. 5 and 8. The requests are overly broad, unduly burdensome and not likely to lead to relevant information. Plaintiff is a freelance photographer, and the documentation related to all his works is not relevant to the copyright infringement claim concerning the one photograph at issue in this suit.*

    4b.    <u>Response to Objection 4</u>

Philpot's gloss on the Discovery Requests at issue in Objection 4 is flatly incorrect. These Discovery Requests are not broad, catch-all requests for all documents or information related in any fashion to any work Philpot has ever produced since the beginning of time. Instead, these Discovery Requests are specifically directed at documents and information related to transactions in which Philpot provided licenses or other permission to use his copyrighted works

12

in exchange for compensation. As discussed in the Responses to Objection 1 and Objection 2, *supra*, documents and information concerning these transactions are highly relevant to Turley's defenses, especially his fair use defense.

These Discovery Requests do not seek discovery of any documents or information with respect to Philpot's works outside their narrow ambit, such as documents related to the technical means by which Philpot creates, processes or edits his photographs. Additionally, as noted in the Response to Objection 1, these Discovery Requests are all temporally bounded by the definition of the term Relevant Period, which is the shortest period that is reasonably certain to encompass all information of central relevance to this proceeding.

Notably, Philpot has made no showing or even referred to any facts that might demonstrate a burden outweighing Turley's need to obtain the highly relevant evidence sought by these Discovery Requests. *See* Fed. R. Civ. P. 26(b)(1) (providing that courts must compare "the burden or expense of the proposed discovery" to the "likely benefit" of such discovery in determining whether the proposed discovery is "proportional to the needs of the case".). As such, there is no basis for preventing Turley from obtaining this highly relevant discovery.

## IV. CONCLUSION

For all the reasons stated herein, Turley respectfully requests the Court GRANT the Motion in its entirety and order Philpot to produce all discovery within the scope of the Discovery Requests.

Dated: July 2, 2021                             Respectfully submitted,

                                                                                         /s/
                                        David Alan Warrington (VSB No. 72293)
                                        DHILLON LAW GROUP
                                        2000 Duke Street, Suite 300
                                        Alexandria, VA 22314
                                        Phone: 703.328.5369
                                        DWarrington@dhillonlaw.com
                                        *Counsel for Defendant Jonathan Turley*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2021, I filed the foregoing using the clerk's CM/ECF system, which will serve an electronic copy of this document on all counsel of record.

/s/
David Alan Warrington
DHILLON LAW GROUP
2000 Duke Street, Suite 300
Alexandria, VA 22314
Phone: 703.328.5369
DWarrington@dhillonlaw.com
*Counsel for Defendant Jonathan Turley*
