IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Larry G. Philpot,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Jonathan Turley,<br><br>　　　　Defendant. | Case No. 1:20-cv-01349-CMH-MSN |

**DEFENDANT JONATHAN TURLEY'S FIRST INTERROGATORIES TO LARRY G. PHILPOT**

Defendant Jonathan Turley ("Turley") hereby serves the following interrogatories directed to Plaintiff Larry G. Philpot ("Philpot" or "Plaintiff") and pursuant to Rule 33 of the Federal Rules of Civil Procedure requests that you respond to these interrogatories within thirty (30) days after the date of service.

INSTRUCTIONS

1.　Pursuant to Fed. R. Civ. P. 26(e), You are under a duty to supplement or correct your responses to these requests if different or additional information or documents become available.

2.　You must produce documents as they are kept in the usual course of your business or you must organize and label the documents to correspond with the categories of these requests.

3.　If you fail to completely answer any interrogatory based on a claim of privilege or work-product protection, you must comply with the requirements

1

of Fed. R. Civ. P. 26(b)(5). This may be done as part of your answer to a request or may be done using a separate Privilege Log.

4. If you withhold any information for any reason other than an objection that it is beyond the scope of discovery, identify all documents withheld and state the reason for withholding the document.

5. If you object to any request or any part of a request, you must state the reasons for your objection. If you object to only part of an item or category, you must specify which part is being objected to and produce documents responsive to the remainder of the request.

6. If, in answering these requests, you encounter any ambiguities when interpreting a question, instruction, or definition, your answer shall state the matter deemed ambiguous and the interpretation used in answering.

## DEFINITIONS

1. All capitalized terms not otherwise defined in this section have the meaning or definitions as provided in or used in the Complaint.

2. "Communication" means the transmittal of information by any means including, without limitation, letters, memoranda, telephone calls, emails, text messages inclusive of SMS, MMS and messages sent via Internet-based messaging applications, social media messaging platforms including, without limitation, Twitter, LinkedIn, Facebook, and vocalizations.

3. "Document" or "documents" mean anything within the scope of the Federal Rules of Civil Procedure including, but not limited to, the original, drafts, revisions and non-duplicate copies of any written, typed, printed, recorded,

electronic, magnetic, photographic, graphic or other form of memorialization or communication, including letters, notes, memoranda, text messages, books, pamphlets, spreadsheets, PowerPoint presentations and anything else commonly referred to as a document. This specifically includes all electronically stored information as that term is used in the Federal Rules of Civil Procedure.

4. "Identify," in reference to a transaction, means to state the name of the parties to the transaction, the date the transaction took place, and to state the material terms of the transaction including, without limitation, the amount of money exchanged in the course of the transaction.

5. "Person" means any individual or entity including, without limitation, natural persons, firms, associations, partnerships, corporations, companies, joint ventures, trusts, estates or other legal, business or government entities.

6. "Photo" refers to the photograph of Ted Nugent that is the subject of this action and is attached as Exhibit A to the Complaint.

7. "Relevant Period" means the time period between January 1, 2013 and the present.

8. "You", "your" or "yours" mean, collectively, Philpot, his agents, representatives, professionals, attorneys, and anyone else acting on his behalf, including anyone formerly acting on his behalf.

9. Reference to any individual or entity includes its officers, directors, managers, employees, agents, representatives, professionals, attorneys, and anyone else acting on its behalf.

10. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. Words and phrases in lowercase include capitalized and uppercase forms of those same words and phrases. "All" means "any and all;" "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." "Or" is in both the inclusive and exclusive sense. Words in the masculine, feminine, or neuter form shall include each of the other genders.

## INTERROGATORIES

1. Identify all persons likely to have personal knowledge of any fact alleged in the Complaint and state the scope of that person's personal knowledge with respect to the facts at issue in this matter.

2. For each witness identified by you in connection with the disclosures required by Fed. R. Civ. P. 26(a)(2)(A), provide a complete statement of the opinions to be expressed and the basis and reasons therefore.

3. For each witness you have retained or specially employed to provide expert testimony in this case, or employed by you whose duties regularly involve giving expert testimony and whom you expect to testify at trial, provide a complete statement of the opinions to be expressed and the basis and reasons therefore.

4. Identify all persons you expect to call as witnesses during trial in this matter and state the subjects on which you expect each such witness to testify.

5. Identify every transaction, contract or agreement you have made with any third party, and every license you have granted, during the Relevant Period to permit the use of any photograph or artistic work whose copyright you own, including without limitation the Photo, in exchange for any compensation, that <u>was not</u> preceded by or made in connection with any demand for payment or litigation or threat of litigation for copyright infringement by you to any such third party.

6. For each transaction, contract or agreement identified in your response to Interrogatory 5, state the name and contact information of each person who was party to such transaction, contract or agreement.

7. For each transaction, contract or agreement, state the amount of compensation you received for such transaction, contract or agreement and the form in which you received such compensation.

8. Identify every transaction, contract or agreement you have made with any third party, and every license you have granted, during the Relevant Period to permit the use of any photograph or artistic work whose copyright you own, including without limitation the Photo, in exchange for any compensation, that <u>was</u> preceded by or made in connection with any demand for payment or litigation or threat of litigation for copyright infringement by you to such third party, including without limitation all agreements you have made to settle or compromise litigation.

9. For each transaction, contract or agreement identified in your response to Interrogatory 8, state the name and contact information of each person who was party to such transaction, contract or agreement.

10. For each transaction, contract or agreement, state the amount of compensation you received for such transaction, contract or agreement and the form in which you received such compensation.

11. State the basis for your contention in ¶ 24 of the Complaint that "Turley's wrongful acts have caused injury to [you]."

12. Identify all the persons or entities to whom you have sent correspondence alleging copyright violations and/or persons or entities you sent demand letters to requesting payment for copyright violations and/or threatened litigation. For each person or entity state the name, address and contact information for that person or entity.

13. Identify by parties, case number and court, all cases or complaints you have filed in any court, federal or state, alleging copyright infringement.

14. For the cases or complaints identified in Interrogatory 13, provide the status and disposition of each including any settlements, dismissals or judgments. For any settlements or judgments provide the amount of the settlement or judgment including any amount attributed to attorneys fees or costs.

15. Describe in detail the circumstances by which you took the photograph in question including whether you had the artist's (Nugent) or venue's permission to take, sell, or otherwise use the Photo for profit. Include in

6

your response the name, address and contact information of the person or persons you identify that authorized you to take the Photo or use the artist's (Nugent) image.

Dated: June 11, 2021                Respectfully submitted,

_____
David Alan Warrington (VSB No. 72293)
KUTAK ROCK LLP
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219
Tel.: (804) 644-1700
Fax: (804) 783-6192
david.warrington@kutakrock.com
*Counsel for Defendant Jonathan Turley*

## CERTIFICATE OF SERVICE

I certify that on June 11, 2021 I caused the foregoing to be served on counsel identified below via electronic mail and first-class mail:

>Kristine M. Maher
>GRAYDON HEAD & RITCHEY, LLP
>312 Walnut Street
>Suite 1800
>Cincinnati, Ohio 45202
>kmaher@graydon.law
>*Counsel for Plaintiff Larry G. Philpot*

_____
David Alan Warrington