IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

Larry G. Philpot,

          Plaintiff,

v.

Jonathan Turley,

          Defendant.

Case No. 1:20-cv-01349-CMH-MSN

## DEFENDANT JONATHAN TURLEY'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO LARRY G. PHILPOT

    Defendant Jonathan Turley ("Turley") hereby serves the following requests for production of documents on Plaintiff Larry G. Philpot ("Philpot" or "Plaintiff") and pursuant to Rule 34 of the Federal Rules of Civil Procedure requests that you produce the requested documents at 1625 Eye Street, NW, Suite 800, Washington, DC 20006 or at such other mutually agreed upon location within thirty (30) days after the date of service.

### INSTRUCTIONS

    1.    You are requested to produce all documents as defined herein including electronically stored information exactly as held or stored by you.

    2.    Pursuant to Fed. R. Civ. P. 26(e), You are under a duty to supplement or correct your responses to these requests if different or additional information or documents become available.

3.     You must produce documents as they are kept in the usual course of your business or you must organize and label the documents to correspond with the categories of these requests.

4.     If you withhold any documents based on a claim of privilege or work-product protection, you must comply with the requirements of Fed. R. Civ. P. 26(b)(5). This may be done as part of your answer to a request or may be done using a separate Privilege Log.

5.     If you withhold any documents for any reason other than an objection that it is beyond the scope of discovery, identify all documents withheld and state the reason for withholding the document.

6.     If you object to any request or any part of a request, you must state the reasons for your objection. If you object to only part of an item or category, you must specify which part is being objected to and produce documents responsive to the remainder of the request.

7.     If, in answering these requests, you encounter any ambiguities when interpreting a question, instruction, or definition, your answer shall state the matter deemed ambiguous and the interpretation used in answering.

<u>DEFINITIONS</u>

1.     All capitalized terms not otherwise defined in this section have the meaning or definitions as provided in or used in the Complaint.

2.     "Communication" means the transmittal of information by any means including, without limitation, letters, memoranda, telephone calls, emails, text messages inclusive of SMS, MMS and messages sent via Internet-

based messaging applications, social media messaging platforms including, without limitation, Twitter, LinkedIn, Facebook, and vocalizations.

3.     "Document" or "documents" mean anything within the scope of the Federal Rules of Civil Procedure including, but not limited to, the original, drafts, revisions and non-duplicate copies of any written, typed, printed, recorded, electronic, magnetic, photographic, graphic or other form of memorialization or communication, including letters, notes, memoranda, text messages, books, pamphlets, spreadsheets, PowerPoint presentations and anything else commonly referred to as a document.  This specifically includes all electronically stored information as that term is used in the Federal Rules of Civil Procedure.

4.     "Person" means any individual or entity including, without limitation, natural persons, firms, associations, partnerships, corporations, companies, joint ventures, trusts, estates or other legal, business or government entities.

5.     "Photo" refers to the photograph of Ted Nugent that is the subject of this action and is attached as Exhibit A to the Complaint.

6.     "Relevant Period" means the time period between January 1, 2013 and the present.

7.     "You", "your" or "yours" mean, collectively, Philpot, his agents, representatives, professionals, attorneys, and anyone else acting on his behalf, including anyone formerly acting on his behalf.

8.     Reference to any individual or entity includes its officers, directors, managers, employees, agents, representatives, professionals, attorneys, and anyone else acting on its behalf.

9.     The present tense includes the past and future tenses.  The singular includes the plural, and the plural includes the singular. Words and phrases in lowercase include capitalized and uppercase forms of those same words and phrases. "All" means "any and all;" "any" means "any and all."  "Including" means "including but not limited to."  "And" and "or" encompass both "and" and "or." "Or" is in both the inclusive and exclusive sense. Words in the masculine, feminine, or neuter form shall include each of the other genders.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All documents referred to in your responses to Jonathan Turley's First Set of Interrogatories directed to you ("Interrogatories"), or which support or underlie any of your responses to any of the Interrogatories.

2.     All non-privileged communications between you and any other person, and all documents referring to or memorializing such communications, concerning this action or any of the facts underlying this action.

3.     All documents upon which you intend to rely or which you may rely on in this case.

4.     All documents referred to in the Complaint.

5.     All documents you received from any third party in response to any subpoena issued by you or on your behalf in connection with this action.

6.     All documents (including, but not limited to, fee agreements, reports, and correspondence) provided to, received from, or prepared by each witness identified by you in connection with the disclosures required by Fed. R. Civ. P. 26(a)(2)(A) and each witness identified in your answers to the Interrogatories.

7.     All documents, including all communications, related to or reflecting any contract or agreement between you and any third party, or any license you have granted, to permit the use of any photograph or artistic work whose copyright you own, including without limitation the Photo, during any portion of the Relevant Period in exchange for any compensation.

8.     All documents related to any payments or compensation you received during the Relevant Period for licensing or permitting the use of any photograph or artistic work whose copyright you own, including without limitation the Photo.

9.     All documents, including all communications, related to any demand you have made or threat of litigation during the Relevant Period to any third party for payment because of or on account of the use of any photograph or artistic work whose copyright you own, including without limitation the Photo.

10.     All documents, including all communications, relating to or reflecting the settlement or compromise of any demand for payment, threat of litigation, or actual litigation because of or on account of the use of any photograph or artistic work whose copyright you own, including without limitation the Photo, during the Relevant Period.

11.     All documents reflecting or evidencing all income you received during the Relevant Period, including without limitation your tax returns, bank account statements, and ledgers or other accounting records.

12.      All documents relating to or reflecting any license you have granted for any use of the Photo.

13.     All documents relating to or reflecting any means by which you have made the Photo accessible to the public, including without limitation any online database or repository.

14.     All documents related to or underlying your allegation in ¶ 21 of the Complaint that, "Turley had access to the Subject Photo on the internet."

15.     All documents related to or underlying your allegation in ¶ 23 of the Complaint that "Turley's wrongful acts have caused injury to [you]."

16.     All documents related to or reflecting any means by which you discovered or determined that Turley "used, copied, published, and/or displayed the Subject Photo on the Website," as you allege in ¶ 11 of the Complaint.

Dated: June 11, 2021            Respectfully submitted,

_____
David Alan Warrington (VSB No. 72293)
KUTAK ROCK LLP
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219
Tel.: (804) 644-1700
Fax: (804) 783-6192
david.warrington@kutakrock.com
*Counsel for Defendant Jonathan Turley*

## CERTIFICATE OF SERVICE

I certify that on June 11, 2021 I caused the foregoing to be served on

counsel identified below via electronic mail and first-class mail:

> Kristine M. Maher
> GRAYDON HEAD & RITCHEY, LLP
> 312 Walnut Street
> Suite 1800
> Cincinnati, Ohio 45202
> kmaher@graydon.law
> *Counsel for Plaintiff Larry G. Philpot*

_____

David Alan Warrington