

Kutak Rock LLP
1625 Eye Street, NW, Suite 800, Washington, DC 20006-4029
office 202.828.2400

**David R. Fox**
202.828.2400
david.fox@kutakrock.com

July 1, 2021

**VIA EMAIL AND FIRST-CLASS MAIL**

Kristine M. Maher, Esq.
Graydon Head & Ritchey, LLP
312 Walnut Street
Suite 1800
Cincinnati, Ohio 45202

  Re: *Philpot v. Turley,* Case No. 1:20-cv-01349-CMH-MSN,
     Response to Plaintiff's Objections to Defendant's Discovery Requests

Dear Ms. Maher:

  We have received your email dated June 28, 2021 listing certain objections ("Objections") to Plaintiff's First Interrogatories ("Interrogatories") and Plaintiff's First Request for Production of Documents ("Document Requests" and, together with the Interrogatories, "Discovery Requests") served by our client, Jonathan Turley ("Turley"), on your client Larry Philpot ("Philpot"). We were surprised to receive your Objections because you represented to us in your email on June 25, 2021 that you "won't be filing any objections to these requests."

  This letter sets out our brief responses to your Objections ("Responses") in an attempt to resolve this discovery dispute without the need for the Court's intervention. Each Objection is set out in full and followed by the relevant Response.

  **Objection 1:** "Plaintiff objects to the definition of "Relevant Period" in the Interrogatories. An approximately seven year span of time is overly broad, unduly burdensome and extends beyond the scope of the relevant facts for this copyright infringement action."

  **Response 1:** The Discovery Requests define the relevant time period ("Relevant Period") as the period between 2013 and the present because the

**KUTAK**ROCK

Kristine M. Maher, Esq.
July 1, 2021
Page 2

photograph at issue in this case ("Photo") was created in 2013. The Relevant Period is the shortest period that is reasonably certain to cover all of the most relevant information at issue in this proceeding, i.e. information related to the use of the Photo or any license or agreement concerning use of the Photo. Any shorter period would present an unacceptable risk of excluding information highly relevant to the very core of Turley's defense.

**Objection 2:** "Plaintiff objects to the request for his income information in Request for Production of Documents No. 11. Plaintiff's income is not at issue or the subject of this litigation. The request is overly broad, not likely to lead to relevant information and is intended to intrude on plaintiff's personal affairs."

**Response 2:** Document Request 11 is not intended to intrude in Philpot's personal affairs; it is intended to obtain discovery concerning the economic value of Philpot's photography business, which is of central importance in this case. In the Complaint, Philpot alleges he "is a well-known photographer of musicians and concerts across the country who licenses his work to premiere publishers and musicians." Complaint ¶ 3. Because Philpot represents he is in the business of licensing photographs such as the Photo, evidence of his income is relevant to the magnitude of the injury Philpot alleges he suffered and the "actual compensatory damages" he alleges he is entitled to. Information about Philpot's income is also relevant to show the economic value of Philpot's work, including the Photo, which is key to several of Turley's affirmative defenses.

In addition, we note that other courts have previously compelled Philpot to provide information responsive to discovery requests similar to Document Request 11 in cases with very similar facts. *See, e.g., Philpot v. WOS, Inc.*, No. A-18-CV-339-RP, 2019 WL 252050, at *2 (W.D. Tex. Jan. 17, 2019).

**Objection 3:** "Plaintiff objects to the requests for confidential settlement correspondence or related documents in Request for Production of Documents Nos. 9 and 10 and Interrogatory Nos. 12 and 14. These documents are privileged, confidential and not subject to discovery in the absences of a protective order. In addition, related documents may be subject to attorney-client privilege, and Plaintiff objects on that basis. For those documents, Plaintiff will provide a privilege log."

**Response 3:** "Settlement correspondence" is not exempt from discovery. While Fed. R. Evid. 408 provides that statements made during settlement are generally not admissible evidence, "[d]istrict courts in the Fourth Circuit have consistently declined to recognize a settlement privilege, based on the policy underlying Rule 408 or otherwise, in discovery disputes." *Food Lion, LLC v. Dairy Farmers of America, Inc.*, No. 1:20-cv-442, 2020 WL 6947921, at *2 (M.D.N.C. Sept. 29, 2020). Rule 408 does not apply to discovery requests because the scope of discovery is defined by the relevance of the information sought to be discovered, not its admissibility as evidence. *See id.* at *3. And confidentiality agreements do not preclude information or documents within their ambit from discovery. *See In re C.R. Bard, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 287 F.R.D. 377, 384 (S.D.W. Va. 2012).

We also note no protective order has been issued in this case that would shield settlement-related documents or information from discovery. We do not agree that any such protective order is appropriate in this case, particularly because other federal courts have found information that is responsive to these Discovery Requests to be highly relevant in previous cases involving Philpot. *See, e.g., Philpot v. L.M. Commc'ns. II of S.C., Inc.*, No. 5:17-CV-173-CHB, 2020 WL 2513820, at *3 (E.D. Ky. May 15, 2020).

Turley does not seek discovery of any documents that are genuinely subject to attorney-client privilege. However, Turley expressly reserves the right to challenge the applicability of the attorney-client privilege or any other claim of privilege or protection from discovery to any document or information in this proceeding.

**Objection 4:** "Plaintiff objects to the request for all documents related to any photograph whose copyright he owns in Request for Production of Documents Nos. 7 and 8 and the requests to identify every transaction/contract/agreement/license related to any photograph he owns in Interrogatory Nos. 5 and 8. The requests are overly broad, unduly burdensome and not likely to lead to relevant information. Plaintiff is a freelance photographer, and the documentation related to all his works is not relevant to the copyright infringement claim concerning the one photograph at issue in this suit."

KUTAKROCK

Kristine M. Maher, Esq.
July 1, 2021
Page 4

**Response 4:**    Document Request 7 seeks documents related to occasions within the Relevant Period where Philpot has contracted or agreed to permit a third party to use his copyrighted works or where Philpot has granted any license for the use of his copyrighted works.[1] Document Request 8 seeks documents related to payments Philpot received from third parties during the Relevant Period in exchange for licenses or permission to use his works. The documents sought by Document Requests 7 and 8 are relevant to show both the scope of the market for licenses or permission to use Philpot's works and the circumstances under which such licenses or permissions are obtained—in particular, the extent to which third parties procure licenses for Philpot's work in genuine, arms' length transactions versus procuring such licenses in response to threatened or actual litigation from Philpot. Interrogatories 5 and 8 seek information concerning these same transactions and are relevant for the same reasons. Additionally, the financial information sought in Document Request 8 is relevant for the same reasons the information sought by Document Request 11, as explained in Response 2, *supra*.

In short, we do not agree with your gloss on the Discovery Requests you object to in this Objection. These are not broad, catch-all requests for all documents and information related in any way to any photograph or work Philpot has ever produced since the beginning of time. These Discovery Requests are appropriately bounded by subject matter and time period to ensure they are directed at documents and information relevant to this proceeding.

***************************************************************************

For the reasons herein, we do not agree with your proffered objections and we insist that you produce all documents and information within the scope of the Discovery Requests. As you know, the final deadline for the close of discovery is fast approaching. If after reviewing these Responses you believe there are any remaining areas of disagreement on these matters, please let us know as soon as possible so we may schedule a conference to meet and confer with you in an effort to resolve any remaining disagreements as required by Fed. R. Civ. P.

---

[1] The summaries of the Discovery Requests in these Responses are offered for illustrative purposes and do not alter in any way the scope of these Discovery Requests as stated in the Interrogatories and Document Requests.

# KUTAKROCK

Kristine M. Maher, Esq.
July 1, 2021
Page 5

37(a)(1) and Local Civil Rule 37(E). Unless we can fully resolve these disagreements, we intend to file a motion to compel discovery **tomorrow, July 2, 2021** to ensure the Court can hear this matter before the close of discovery.

                Very truly yours,

                /s/ *David R. Fox, Esq.*

                David R. Fox, Esq.
                *Counsel for Defendant Jonathan Turley*

DRF
cc:    David A. Warrington, Esq.